UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| STEPHEN PAULE KENNEDY, | Case No. 24-cv-08907-WHO (PR) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| CHIEF MEDICAL OFFICER, et al., | Dkt. No. 4 |
| Defendants. | |

## INTRODUCTION

Plaintiff Stephen Paule Kennedy alleges that medical staff at Salinas Valley State Prison provided constitutionally inadequate medical care for his broken finger. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Kennedy's allegations fail to state a claim that any person was deliberately indifferent. It is unclear whether two medical personnel (Son and Yeh) had the authority to order treatment or were even qualified to diagnose his injury. His allegations against Dr. Lameer show that Lameer took some steps to treat him and therefore was not deliberately indifferent. His allegations against the grievance reviewers fail to state any claim for relief. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **June 2, 2025**.

Kennedy's motion for the appointment of counsel is DENIED. (Dkt. No. 4.)

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Kennedy alleges that on December 10, 2020 at Salinas Valley State Prison, his finger was broken when two inmates attacked him.  (Compl., Dkt. No. 1 at 4.)  He says that many unnamed staff failed to take his complaints of pain and injury seriously.  His allegations against them are insufficient, and his allegations against identified defendants are not plausible.

Kennedy says that he told Son, who is either a doctor or physician's assistant, and Michael Yeh, a physician's assistant, that his finger hurt and was likely broken.  (*Id.* at 6.)  However, he does not state specifically what they failed to do, whether they were qualified to make a diagnosis (one of whom is a physician's assistant and the other may well be),

2

and he blames other unnamed persons for failing to send him for further medical care. (*Id.*)  He also alleges that Son and Yeh said at some point that "we are not doing a[n] M.R.I." (*Id.* at 9.)  But he has not shown that these persons had the authority to order an MRI (or were just following directions from someone in authority) or had the medical qualifications to know that one was required.

Kennedy alleges that Dr. M.Z. Lameer "failed to diagnose and treat finger fracture as well" and that he left that appointment "untreated." (*Id.* at 6.)  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating the standard with that of criminal recklessness).  But Kennedy states that Lameer issued two orders, one for physical therapy and another for an MRI.  (*Id.* at 8.)  These facts show that Lameer did take some reasonable action to address Kennedy's symptoms and attempted to diagnose the injury by ordering an MRI.  Without more, this does not constitute deliberate indifference under the Eighth Amendment.

Kennedy names other persons as defendants but alleges no specific facts against them.  No claims can proceed without a sufficient factual showing.

Kennedy's allegations against grievance reviewers, such as the Chief Medical Officer, are DISMISSED <u>without</u> leave to amend.  Mere involvement in reviewing an inmate's administrative grievance does not necessarily demonstrate awareness of an alleged violation or contribute to the underlying violation.  *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).  "Only persons who cause or participate in the violations are responsible." *Id.* "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Id.*

Finally, it is not clear whether Kennedy's action will be able to state a plausible claim.  His pending motion for the appointment of counsel is DENIED.  (Dkt. No. 4.)  He may refile a motion for counsel with his amended complaint and I will consider whether appointment of counsel is allowed under the allegations presented then.

**CONCLUSION**

The complaint is DISMISSED with leave to file an amended complaint on or before **June 2, 2025**. The amended complaint must include the caption and civil case number used in this order (24-08907 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page. <u>The amended complaint must also appear on this Court's form, a copy of which will be sent to him.</u> Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. <u>Failure to file a proper amended complaint by June 2, 2025 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>

Kennedy's motion for the appointment of counsel is DENIED. (Dkt. No. 4.)

The Clerk shall terminate Dkt. No. 4.

**IT IS SO ORDERED.**

Dated: April 21, 2025



WILLIAM H. ORRICK
United States District Judge

4